SOLOMON BINGHAM, Junior, *ex dem.* HUBBARD BARLOW and ANDREW BRADLEY,

*against*

DAVID SMITH, Tenant.

</div>

EJECTMENT for 50 acres of land, being part of Lot No. 35. in the second division of lands in *Fairfield,* drawn to the original right of *Daniel Smith.*

Common rule entered. General issue pleaded.

<div align="center">Verdict for the plaintiff.</div>

Defendant's counsel now moved to file a declaration for *betterments,* under the statute passed *November* 5th, 1800.

<div align="right">Vermont Stat.<br>vol. 1. p. 209.</div>

Counsel for the plaintiff objected, and read the act.

<div align="right">Objections to a declaration for betterments cannot be taken in opposition to the filing, but must be made in the common course of pleading to such declaration.</div>

<div align="center">*Preamble.*</div>

" Whereas many persons have purchased supposed titles to lands within this State, and have taken

possession of such lands under such supposed titles, and have made large improvements on the same, who, at the time of purchasing, supposed such titles to be good and valid in law; and whereas many of such titles may prove defective by loss of records, the neglect or laches of others in the chain of title, or from other causes, and who, if the strict rules of the common law be attended to, may be turned off from their possessions and improvements on such lands so by them made at great expense, without any compensation or rewards for such betterments :

" It is hereby enacted, &c. That when any person or persons in the actual possession or improvement of lands within this State, who had purchased, or those under whom they hold had purchased a title to said lands, *supposing at the time of such* purchase, such title to be good in fee, and having in consequence of such purchase entered and made improvements on such land, and shall or have been prosecuted and sued for the recovery of such lands before any Court by action of ejectment, or any real or possessory action, and judgment shall be hereafter rendered against such person or persons in possession as aforesaid; such person or persons, against whom judgment shall be thus finally given, shall have right by action to recover of the person or persons in whom the legal title is found, such sum or sums of money as shall be found on the trial of such action, that he, she or they, or those under whom they hold, have made the lands so described in the plaintiff's declaration better or of more value by such betterments than it otherwise would have been, had no such improve-

ments been made thereon, and the mode of process
shall be, that the recoveree or recoverees in such action as aforesaid, shall, within forty-eight hours after such judgment, or during the sitting of the Court in which such judgment is had, file a declaration in an action of the case against the recoveror or recoverors for so much money as the estate is made better as aforesaid *in the clerk's office* of the Court in which such judgment was obtained, which shall be sufficient notice to such recoveror or recoverors to appear and defend in such action until the declaration so filed shall be determined."

The counsel for the plaintiff insisted, that the present defendant was not within the purview of the act. The act gives a right of action for what the Legislature have been pleased to style *betterments*, only to persons supposing, at the time of their purchase of the lands, the title to be good in fee. It appeared on trial, that the present defendant comes not within this description, for his title and possession have been considered by the Court and Jury as *in fraudem legis.*

*Sed per Curiam.* The statute provides, that the declaration for betterments may be filed in the clerk's office of the Court in which the judgment in the action of ejectment has been rendered, and this right is secured to the defendant without leave obtained of the Court.

The question made by the plaintiff may be considered and decided under the pleadings to the decla-

37

Bingham
v.
Smith.

ration. If the parties elect to bring it in issue at bar, the Court will give it all the consideration it merits. It is certainly a question of some importance.

Declaration filed.

*W. C. Harrington*, *Elnathan Keyes*, and *Thaddeus Rice*, for plaintiff.

*Bates Turner*, for defendant,